

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**April 30, 2018 15:13**

By: DONALD G. RIEMER 0027949

Confirmation Nbr. 1370808

| | |
|---|---|
| FLORENTINO OZCA SANTIAGO | CV 18 896948 |
| vs. | |
| VALLEY ROAD VILLA LLC | Judge: MICHAEL J. RUSSO |

Pages Filed: 5

**GOVERNMENT EXHIBIT A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| FLORENTINO OZCA SANTIAGO, </br>4146 Valley Road, Apt. 207 </br>Cleveland, OH 44109 </br></br>Plaintiff, </br></br>-v.s.- </br></br>VALLEY ROAD VILLA LLC dba </br>VALLEY ROAD VILLA APARTMENTS, </br>4146 Valley Road </br>Cleveland, Ohio 44109 </br></br>Defendant. | CASE NO. </br></br>JUDGE </br></br></br></br>**COMPLAINT** </br>(Jury Demand Endorsed Hereon) |

## COUNT ONE

1. Valley Road Villa LLC is a limited liability corporation which owns or has an ownership interest in Valley Road Villa apartments located at 4146 Valley Road, in the City of Cleveland, County of Cuyahoga and State of Ohio.

2. On or about February 2, 2017, at all times pertinent, Plaintiff was a resident at Defendant's apartment complex located at 4146 Valley Road, in the City of Cleveland, County of Cuyahoga and State of Ohio.

3. At all times pertinent, Defendant Valley Road Villa LLC (hereinafter referred to as "Defendant Valley Road") had a duty to maintain the property in a safe condition for its residents.

4. Sometime prior to February 2, 2017, Defendant placed decorative bricks on top of a yellow-colored curb that went around the perimeter of the tree beds in the back parking lot of Defendant's apartment complex. (A picture of said bricks on the yellow curb is attached hereto,

incorporated by referenced herein and marked as "Exhibit A").

5. As illustrated in Exhibit "A", said decorative bricks were simply resting on said curb which was approximately 40 feet in length.

6. Said bricks were negligently installed in that they were not secured in place and could be caused to tumble over onto the adjacent parking lot area thus creating a potential hazard for any of the residents who might be walking into the parking lot.

7. Said bricks were negligently installed by employees and/or agents of Defendant who at all times were working in the course and scope of their employment for the Defendant.

8. On February 2, 2017, Plaintiff was walking from his car to the back entrance of Defendant's apartment complex. On said date, there was approximately several inches to over 1 foot of snow in said parking lot.

9. Said bricks had been caused to tumble from the curb onto the asphalt parking lot and were covered by snow and not able to be seen by anyone traveling through that area, thus creating a dangerous condition for Defendant's tenants.

10. As a direct and proximate result of the negligent installation of said bricks, as Plaintiff walked in the back parking lot, he tripped over one or more bricks which were hidden by the snow sustaining serious injuries to various parts of his body and said injuries are of a permanent nature.

11. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred medical and hospital expenses and expects to incur future medical and hospital expenses and expects to incur future medical expenses as the injuries are permanent.

## COUNT TWO

12. Plaintiff realleges and reavers each and every fact, statement and allegation in his

first claim for relief as if fully rewritten herein.

13. As required by R.C. 5321.04, Defendant owed Plaintiff a duty to 1.) Comply with the requirements of all applicable building, housing, health and safety codes that materially affect health and safety and 2.) Keep all common areas of a premises in a safe and sanitary condition. The foregoing included the duty to remove any dangerous conditions that might or might not be visible to tenants and in this matter, more specifically the hidden danger of the decorative bricks in the parking lot which were covered by snow on the date of this incident.

14. As a direct and proximate result of Defendant's breach of R.C. 5321.04, Plaintiff sustained serious injuries to various parts of his body and said injuries are permanent in nature.

15. As a further direct and proximate result of Defendant's breach of R.C. 5321.04, Plaintiff incurred medical and hospital expenses and expects to incur medical expenses into the indefinite future.

WHEREFORE, in Count One, Plaintiff demands judgment against Defendant Valley Road Villa LLC in an amount in excess of $25,000.00 plus interest and costs. In Count Two, Plaintiff demands judgment against Defendant Valley Road Villa LLC in an amount in excess of $25,000.00 plus attorneys fees as well as the costs and any other such relief this Court deems just and proper.

Respectfully submitted,

DONALD G. RIEMER (0027949)
425 Western Reserve Building
1468 West Ninth Street
Cleveland, Ohio 44113
Tel: (216) 241-4519
Fax: (216) 696-7790
Email: dgr@driemerlaw.com
**Attorney for the Plaintiff**

## JURY DEMAND

Plaintiff demands a trial by jury with a maximum number of jurors permitted by law as to all the issues in this action.

_____
DONALD G. RIEMER (#0027949)